Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email: eelliot@bfesf.com
       elowry@bfesf.com

Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA FITCH,<br><br>    Plaintiff,<br><br>v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>    Defendants. | Case No. 3:15-cv-02769-CRB<br><br>**DEFENDANT SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [FRCP RULE 12(b)(6)]**<br><br>Date:   November 13, 2015<br>Time:   10:00 a.m.<br><br>**Hon. Charles R. Breyer** |

# **TABLE OF CONTENTS**

NOTICE ..................................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I. SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED ................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................................. 2

III. STATEMENT OF FACTS ALLEGED BY PLAINTIFF ................................................... 3

IV. LEGAL ARGUMENT ........................................................................................................ 4

    A. FITCH Has Not Alleged Facts to Show She Properly Exhausted Her Administrative Remedies for Claims Under Title VII & FEHA ........................................ 5

    B. FITCH Did Not Exhaust Her Administrative Remedies for a Harassment Claim Under FEHA ................................................................................................................... 6

    C. FITCH Has Not Stated a Claim For Discrimination Based on Race Under Title VII and FEHA ...................................................................................................................... 7

    D. FITCH Has Not Stated a Claim for Discrimination Based on Age Under ADEA and FEHA .................................................................................................................... 10

    E. FITCH Has Not Stated a Claim for Retaliation Under Title VII, ADEA and FEHA ........ 10

    F. FITCH Has Not Stated a Claim for Harassment Under FEHA ......................................... 12

    G. FITCH Has Not Stated a Claim for Failure to Prevent Harassment & Discrimination Under FEHA ................................................................................................................... 13

V. CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Avis Rent A Car System, Inc.*,
    21 Cal.4th 121 (1999) ................................................................................................................12

*Akers v. County of San Diego*,
    95 Cal.App.4th 1441 (2002) .........................................................................................................8

*Alberti v. City & Council of San Francisco Sheriff's Dept.*,
    32 F.Supp.2d 1164 (ND Cal. 1998) .............................................................................................6

*AlRaheem v. Covenant Care*,
    2012 U.S. Dist. LEXIS 80646, 2012 WL 2116530 (E.D. Cal. June 11, 2012) ...........................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................4, 5

*B.K.B. v. Maui Police Dept.*,
    276 F.3d 1091 (9th Cir.2002) ...................................................................................................6, 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................4, 5

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir.1994) ...........................................................................................................5

*Burlington Indus., Inc. v. Ellerth*,
    524 U.S. 742 (1998) .....................................................................................................................8

*Burlington N. & Santa Fe Rwy. Co. v. White*,
    548 U.S. 53 (2006) ..........................................................................................................8, 10, 11

*Clark County Sch. Dist. v. Breeden*,
    532 U.S. 268 (2001) ...................................................................................................................11

*Cohen v. Fred Meyer, Inc.*,
    686 F.2d 793 (9th Cir.1982) .......................................................................................................12

*Cozzi v. County of Marin*,
    787 F. Supp. 2d 1047 (N.D. Cal. 2011) ........................................................................................8

*Diaz v. Eagle Produce Ltd. P'ship*,
    521 F.3d 1201 (9th Cir. 2008) ....................................................................................................10

*EEOC v. Farmer Bros. Co.*,
    31 F.3d 891 (9th Cir.1994) ...........................................................................................................6

*Fonseca v. Sysco Food Services of Arizona, Inc.*,
    374 F.3d 840 (9th Cir. 2004) ....................................................................................................7, 8

*Gunther v. County of Washington*,
    623 F.2d 1303 (9th Cir.1979) .....................................................................................................12

*Guz v. Bechtel Nat. Inc.*,
  24 Cal.4th 317 (2000) ............................................................................................................. 10

*Hilber v. Int'l Lining Tech*,
  2012 U.S. Dist. LEXIS 69977 at *13, 2012 WL 1831558 (N.D.Cal. May 18, 2012) ......................... 7

*Hughes v. Derwinski*,
  967 F.2d 1168 (7th Cir. 1992) ................................................................................................. 11

*Janken v. GM Hughes Elec.*,
  46 Cal. App. 4th 55 (1996) ...................................................................................................... 12

*Johnson v. Riverside Healthcare Sys.*,
  534 F.3d 1116 (9th Cir.2008) ................................................................................................... 4

*Jordan v. Clark*,
  847 F.2d 1368 (9th Cir. 1988) ................................................................................................. 11

*Karim-Panahi v. Los Angeles Police Dep't*,
  839 F.2d 621 (9th Cir.1988) ..................................................................................................... 5

*Kortan v. California Youth Auth.*,
  217 F.3d 1104 (9th Cir. 2000) .................................................................................................. 8

*Lyons v. England*,
  307 F.3d 1092 (9th Cir. 2002) .................................................................................................. 8

*Martin v. Lockheed Missiles & Space Co.*,
  29 Cal.App.4th 1718 (1994) ..................................................................................................... 6

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973) .................................................................................................................. 7

*McRae v. Dept. of Corrections & Rehabilitation*,
  142 Cal.App.4th 377 (2006) ..................................................................................................... 8

*Mixon v. Fair Employ. & Housing Com.*,
  192 Cal.App.3d 1306 (1987) .................................................................................................... 7

*Mullis v. United States Bankruptcy Ct.*,
  828 F.2d 1385 (9th Cir.1987) .................................................................................................. 5

*Neal v. Ferguson Constr. Co.*,
  237 F.3d 1248 (10th Cir. 2001) .............................................................................................. 11

*Nilsson v. City of Mesa*,
  503 F.3d 947 (9th Cir. 2007) .................................................................................................. 10

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir.1988) ..................................................................................................... 5

*Raad v. Fairbanks N. Star Borough*,
  323 F.3d 1185 (9th Cir.2003) ................................................................................................. 12

*Ray v. Henderson*,
  217 F.3d 1234 (9th Cir. 2000) ................................................................................................ 10

iii

DEFENDANT'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
U.S. District Court Case No.: 3:15-cv-02769-CRB

*Richmond v. Oneok, Inc.*,
    120 F.3d 205 (10th Cir. 1997) ................................................................................................11

*Romano v. Rockwell International, Inc.*,
    14 Cal. 4th 479 (1996) .........................................................................................................5, 6

*Saul v. United States,*
    928 F.2d 828 (9th Cir. 1991) ....................................................................................................5

*Sosa v. Hiraoka*,
    920 F.2d 1451 (9th Cir.1990) ...................................................................................................6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir.2001) .....................................................................................................5

*Surrell v. California Water Serv. Co.*,
    518 F.3d 1097 (9th Cir. 2008) ..................................................................................................5

*Taylor v. AFS Techs., Inc.*,
    2011 WL 1237609 (D.Ariz., Apr. 4, 2011) ..............................................................................8

*Trujillo v. N. County Transit Dist.*,
    63 Cal. App. 4th 280 (1998) ...................................................................................................13

*Yamaguchi v. United States Dep't of Air Force,*
    109 F.3d 1475 (9th Cir.1997) ...................................................................................................4

*Yanowitz v. L'Oreal USA, Inc.*,
    36 Cal. 4th 1028 (2005) ..........................................................................................................11

*Yartzoff v. Thomas*,
    809 F.2d 1371 (9th Cir. 1987) ...........................................................................................8, 11

*Zipes v. Trans World Airlines, Inc.,*
    455 U.S. 385 (1982) ..................................................................................................................5

**Statutes**

42 U.S.C. Section 2000e–2(a)(1) ......................................................................................................8

California Government Code Section 12940(j) ............................................................................12

California Government Code Section 12965(b) .............................................................................6

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(6) .............................................................................4

iv

DEFENDANT'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
U.S. District Court Case No.: 3:15-cv-02769-CRB

# NOTICE

**TO PLAINTIFF AND HER COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on Friday, November 13, 2015, at 10:00 a.m., before the Honorable Charles R. Breyer, Courtroom 6 - 17th Floor at 450 Golden Gate Avenue, San Francisco, California, defendant SAN FRANCISCO UNIFIED SCHOOL DISTRICT ("DISTRICT"), pursuant to Federal Rule of Civil Procedure 12(b)(6), will and hereby does move for dismissal of all claims in plaintiff's first amended complaint ("FAC") as specified below.

The motion to dismiss is made upon the ground that the FAC fails to state facts sufficient to constitute a cause of action and does not establish that the plaintiff is entitled to relief. This motion is based upon this notice, the accompanying points and authorities, the complete files and records in this case, and upon such evidence and argument as may be presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED

Plaintiff SYLVIA FITCH ("FITCH") claims the DISTRICT discriminated against her in her employment based on her race and age, harassed her for an unspecified reason, and retaliated against her for complaining about the discrimination. The FAC asserts the following causes of action against the DISTRICT: (1) Discrimination based on race in violation of Title VII; (2) Discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA"); (3) Retaliation in violation of Title VII; (4) Retaliation in violation of ADEA; (5) Discrimination based on race in violation of California's Fair Employment and Housing Act ("FEHA"); (6) Discrimination based on age under FEHA; (7) Retaliation in violation of FEHA; (8) Harassment in violation of FEHA; and (9) Failure to take all reasonable steps to prevent discrimination and harassment from occurring in violation of FEHA.

FITCH filed her complaint on June 19, 2015. The DISTRICT filed a motion to dismiss on August 21, 2015 because the complaint failed to allege facts showing that FITCH exhausted her administrative remedies, suffered an adverse employment action, was treated differently than similarly situated individuals, was retaliated against for engaging in protected activities, or that she suffered harassment. In response, FITCH filed her FAC on August 26, 2015. The FAC fails to cure the defects in the original complaint.

1

DEFENDANT'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
U.S. District Court Case No.: 3:15-cv-02769-CRB

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the DISTRICT asks the Court to dismiss all claims because FITCH has not alleged facts to show:

1. That she adequately exhausted her administrative remedies because she has not alleged that she received right-to-sue letters from the Equal Employment Opportunity Commission ("EEOC") or California's Department of Fair Employment and Housing ("DFEH").

2. That she adequately exhausted her administrative remedies for harassment because she did not refer to harassment in her EEOC Charges.

3. That she suffered an adverse employment action that materially affected her employment to state a claim for race discrimination under Title VII or FEHA.

4. That she was treated differently than similarly situated employees outside her protected class to state a claim for race discrimination under Title VII or FEHA.

5. That she suffered an adverse employment action that materially affected her employment to state a claim for age discrimination under the ADEA.

6. That she was treated differently than similarly situated employees who were younger than her to state a claim for age discrimination under the ADEA.

7. That she suffered an adverse employment action to support a retaliation claim under Title VII, ADEA and FEHA;

8. That there was a causal connection between protected activity and alleged adverse acts to support a retaliation claim under Title VII, ADEA and FEHA;

9. That she was harassed based on a protected characteristic or that the alleged harassment were acts other than normal personnel actions.

10. That she was subjected to discrimination, retaliation or harassment to support a claim for failure to prevent discrimination and harassment.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement of the issues to be decided by the Court:

1. Whether FITCH exhausted her administrative remedies;

2. Whether the first cause of action for race discrimination under Title VII fails to state a

claim against the DISTRICT;

3. Whether the second cause of action for age discrimination under the ADEA fails to state a claim against the DISTRICT;

4. Whether the third cause of action for retaliation under Title VII fails to state a claim against the DISTRICT;

5. Whether the fourth cause of action for retaliation under the ADEA fails to state a claim against the DISTRICT;

6. Whether the fifth cause of action for race discrimination under California's Fair Employment and Housing Act ("FEHA") fails to state a claim against the DISTRICT;

7. Whether the sixth cause of action for age discrimination under FEHA fails to state a claim against the DISTRICT;

8. Whether the seventh cause of action for retaliation under FEHA fails to state a claim against the DISTRICT;

9. Whether the eighth cause of action for harassment under FEHA fails to state a claim against the DISTRICT;

10. Whether the ninth cause of action for failure to take all reasonable steps to prevent discrimination and harassment from occurring under FEHA fails to state a claim against the DISTRICT.

### III.  STATEMENT OF FACTS ALLEGED BY PLAINTIFF

Since November 2005, FITCH has been employed as a teacher with the DISTRICT. FAC ¶ 3. She identifies as Black and was born in 1943. FAC ¶ 4. She has, at all times pertinent, performed her duties competently and professionally and she consistently received good performance evaluations until 2012. FAC ¶ 5. In early 2012, the District decided to remove FITCH from her position at Burton High School because she lacked certain credentials. FAC ¶¶ 6 & 9. FITCH alleges that this reason was false and that she was removed because of her race and/or age. FAC ¶¶ 6 & 9. FITCH was notified by the principal of Burton High School that her position would be consolidated effective May 25, 2012 because FITCH did not have a "Health Science Credential" or a "California Technical Education Credential." FAC ¶¶ 6 & 9; Exh. 1 to FAC, October 2012 EEOC Charge. The DISTRICT replaced FITCH with a younger, less experienced Caucasian teacher who did not have a California Technical Education

Credential.  FAC ¶ 10; Exh. 1 to FAC, October 2012 EEOC Charge.

In May 2012, FITCH filed a grievance regarding her removal.  FAC ¶ 7.  On October 9, 2012, FITCH filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  FAC ¶ 7, Exh. 1 to FAC.  On October 17, 2012, the DISTRICT notified FITCH that she was being placed in a teaching position at another school.  FAC ¶ 8.

After FITCH complained of discrimination, she has received poor performance evaluations, "refusal of a permanent position, excessive monitoring, subjection to the Defendant's PAR Program, and extensions of that subjection."  FAC ¶¶ 11-12.  The DISTRICT also failed to hire her for three teaching positions for which she is qualified:  "one position as a Biology Teacher at Lincoln High School, the second position as a Biology Teacher at Wallenberg High School, the third position as a biology teacher at Lowell High School."  Exh. 2 to FAC, January 2014 EEOC Charge.  She filed a second EEOC Charge on January 2, 2014.  Exh. 2 to FAC, January 2014 EEOC Charge.  FITCH has received right-to-sue letters from the federal and state agencies on both Charges.  (FAC ¶15)

## IV.   LEGAL ARGUMENT

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must set out "a short and plain statement of the claim" showing the plaintiff is entitled to relief.  If the complaint does not meet this standard, the defendant may ask the Court to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir.2008).  In assessing whether a complaint states a claim, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading may not simply allege a wrong has been committed and demand relief; it must give "fair notice" of the claim being asserted and the "grounds upon which it rests."  *Yamaguchi v. United States Dep't of Air Force,* 109 F.3d 1475, 1481 (9th Cir.1997).

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'" *Iqbal, supra,* 556 U.S. at 678, quoting *Twombly, supra,* 550 U.S. at 555. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* While factual allegations are accepted as true, legal conclusions are not. *Ibid.* Leave to amend need not be granted if the pleading, as amended, is subject to dismissal. *See, e.g.*, *Saul v. United States,* 928 F.2d 828, 843 (9th Cir. 1991).

When ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court may take judicial notice. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–706 (9th Cir.1988); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) (allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint).

A. **FITCH Has Not Alleged Facts to Show She Properly Exhausted Her Administrative Remedies for Claims Under Title VII & FEHA**

Prior to filing a claim under Title VII, a plaintiff "must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice….. If the EEOC does not bring suit based on the charge, the EEOC must 'notify the person aggrieved' that she can file suit. The notice is accomplished through a right-to-sue letter. Once a person receives an EEOC right-to-sue letter, she has 90 days to file suit." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008)(internal citations omitted). A plaintiff must obtain a right-to-sue letter in order to bring such a claim in court. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988) (citing 42 U.S.C. § 2000e–5(f)(1)). "Failure to observe these requirements renders a suit subject to dismissal in the absence of any equitable consideration to the contrary." *Id.* (relying on *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)).

Claims under FEHA have similar administrative requirements. *See Romano v. Rockwell International, Inc.*, 14 Cal. 4th 479, 492 (1996). "An EEOC right-to-sue letter does not satisfy the

5

jurisdictional requirement of exhaustion of remedies as to FEHA claims." *Alberti v. City & Council of San Francisco Sheriff's Dept.,* 32 F.Supp.2d 1164, 1174 (ND Cal. 1998); *Martin v. Lockheed Missiles & Space Co., Inc.,* 29 Cal. App. 4th 1718, 1726 (1994) (right-to-sue letter from the EEOC satisfies the exhaustion of remedies requirement only for purposes of an action based on federal law (Title VII), not for a state law action under the FEHA). A plaintiff alleging violations of the FEHA must file a civil suit within one year of a receipt of a right-to-sue letter from the DFEH. Cal. Govt. Code § 12965(b).

FITCH did not attach documents showing that she received right-to-sue letters from the EEOC for her EEOC Charges. She has not even alleged that she received right-to-sue letters from the EEOC or from California's DFEH, only that she received right-to-sue letters from "the federal and state agencies". The events in her FAC date from 2012 which raises the issue of whether her complaints, legal and administrative, are timely. She has not stated facts to show that she properly exhausted her administrative remedies for claims under Title VII and FEHA and the first, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action should be dismissed.

**B.  FITCH Did Not Exhaust Her Administrative Remedies for a Harassment Claim Under FEHA**

The timely filing of an administrative complaint is a prerequisite to bringing a civil action for damages under the FEHA. *Romano, supra,* 14 Cal. 4th at 492. "To exhaust his or her administrative remedies as to a particular act made unlawful by the [FEHA], the claimant must specify that act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts." *Martin v. Lockheed Missiles & Space Co.,* 29 Cal.App.4th 1718, 1724 (1994).

"The jurisdictional scope of the ... court action depends on the scope of the EEOC charge and investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir.2002) (internal quotations, alterations and citations omitted). Subject matter jurisdiction extends over all allegations of discrimination that either "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994).

While the scope of an EEOC complaint should be construed with the "utmost liberality," the "crucial element of a charge of discrimination is the factual statement therein." *B.K.B., supra,* 276 F.3d at 1100. The Ninth Circuit has set forth several factors to consider when determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge: the alleged basis of discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred. *Id.* "In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.*

FITCH did not include allegations of harassment in the EEOC Charges and she did not mention the specific acts she contends were harassing, such as "poor performance evaluations, refusal or [*sic*] a permanent position, excessive monitoring, subjection to Defendant's PAR Program, and extensions of that subjection." See FAC ¶ 12; Exhs. 1 & 2 to FAC. The factual statements in the EEOC Charges did not include dates, involved persons or locations that might otherwise tie the alleged harassment to the events described therein. FITCH's description of her alleged mistreatment did not put the DISTRICT on notice that she was asserting a harassment claim and there are no alleged facts to show that the harassment would have been uncovered by an investigation into the January 2014 Charge.

C. **FITCH Has Not Stated a Claim For Discrimination Based on Race Under Title VII and FEHA**

To establish a prima facie case of race discrimination under Title VII or FEHA, an employee must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *See, e.g., McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Fonseca v. Sysco Food Services of Arizona, Inc.,* 374 F.3d 840, 847 (9th Cir. 2004); *Mixon v. Fair Employ. & Housing Com.*, 192 Cal.App.3d 1306, 1317-1318 (1987).

FITCH must plead facts that plausibly indicate she suffered an adverse action because of racial animus and that similarly situated employees were treated differently. *See Hilber v. Int'l Lining Tech,* 2012 U.S. Dist. LEXIS 69977 at *13, 2012 WL 1831558 (N.D.Cal. May 18, 2012) (dismissing

Title VII claim of racial discrimination for failing to allege that similarly situated employees were treated differently); *AlRaheem v. Covenant Care,* 2012 U.S. Dist. LEXIS 80646, 2012 WL 2116530 (E.D. Cal. June 11, 2012) (dismissing Title VII race discrimination claim for failure to allege facts to support a causal link between adverse employment action and discriminatory motive).

Adverse actions are those that cause "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); 42 U.S.C. § 2000e–2(a)(1); *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir.2004); *Cozzi v. County of Marin*, 787 F. Supp. 2d 1047, 1061 (N.D. Cal. 2011). "Absent this threshold showing, courts will be thrust into the role of personnel officers, becoming entangled in every conceivable form of employee job dissatisfaction." *McRae v. Dept. of Corrections & Rehabilitation,* 142 Cal.App.4th 377, 386-387 (2006) (citations and quotations omitted). Title VII is not a gateway to the federal courts for every employee who has a bad relationship with her boss and it "does not set forth a general civility code for the American workplace." *Burlington N. & Santa Fe Rwy. Co. v. White,* 548 U.S. 53, 68 (2006) (quotations and citations omitted). Actions that do not significantly change the plaintiff's employment status are not actionable. Micromanagement is not an adverse action. *Taylor v. AFS Techs., Inc.*, 2011 WL 1237609 at *4, n. 3 (D.Ariz., Apr. 4, 2011). A mere oral or written criticism of an employee or transfer into a comparable position does not meet the definition of an adverse employment action under FEHA. *Akers v. County of San Diego*, 95 Cal.App.4th 1441, 1457 (2002).

Although undeserved performance ratings can constitute an adverse employment action, mere criticism of performance, without more, does not constitute an adverse employment action. *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987); *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1113 (9th Cir. 2000). In *Kortan, supra,* 217 F.3d at 1112-1113, the Ninth Circuit held that mediocre performance evaluations that did not give rise to any further negative employment action did not violate Title VII. *See also Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002). The court noted that the plaintiff was not demoted, was not stripped of work responsibilities, was not handed different or more burdensome work responsibilities, was not fired or suspended, was not denied any raises, and was not reduced in salary or in any other benefit. *Kortan*, 217 F.3d at 1113.

1    FITCH asserts that she was removed from her position at Burton High School and placed in
2    another school. She contends that she received poor performance evaluations, she was refused "a
3    permanent position, excessive monitoring, subjection to the Defendant's PAR Program, and extensions
4    of that subjection." She claims that she was not hired as a biology teacher at three high schools. In her
5    FAC, FITCH has included allegations that these acts are adverse employments actions, but offers no facts
6    to support her conclusory statements. She has not alleged that these acts adversely affected her job title,
7    her salary, her benefits or her work responsibilities. The FAC is devoid of facts to show how these acts
8    impacted her employment in any way, let alone facts sufficient to show that they were somehow adverse,
9    other than that they were not to her liking. Her preference to teach at another school and her
10   disagreement with a poor job evaluation, without more, do not support an inference that she was
11   subjected to an adverse employment action to support a discrimination claim.

12   The FAC also does not include facts to show how these acts were motivated by her race or
13   discriminatory animus. She did allege that she was replaced at Burton High School by a younger
14   Caucasian woman with less experience. However, FITCH included statements in the first EEOC Charge,
15   filed in October 2012, to show that she and the teacher who replaced her were not similarly situated. In
16   the October 2012 EEOC Charge, FITCH stated that she was removed from Burton High School because
17   she did not have a "Health Science Credential" or a "California Technical Education Credential." She
18   claimed to "have knowledge" that her replacement did not have a "California Technical Education
19   Credential" but FITCH did not state that the replacement did not hold a "Health Science Credential."
20   The alleged facts lead to the reasonable inference that the replacement held a "Health Science
21   Credential," and thus she was not similarly situated to FITCH.

22   As to the other alleged adverse employment acts, FITCH has not alleged that similarly situated
23   employees outside her protected class were treated more favorably nor has she stated facts to show that
24   these acts occurred in circumstances that would raise an inference of discrimination. The conclusory
25   allegation that she suffered acts of harassment and retaliation is insufficient to state a claim. FAC ¶¶ 11
26   & 12. She has failed to state a claim for discrimination based on race and her first and fifth causes of
27   action should be dismissed.
28

D. **FITCH Has Not Stated a Claim for Discrimination Based on Age Under ADEA and FEHA**

A plaintiff can state a prima facie case of disparate treatment based on age by showing that she was (1) at least forty years old, (2) performing her job satisfactorily, (3) was subjected to an adverse employment action, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise "giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207-08 (9th Cir. 2008)(ADEA case); *Guz v. Bechtel Nat. Inc.,* 24 Cal.4th 317, 354 (2000)(FEHA case; noting similarity between California law and federal employment discrimination laws). "An inference of discrimination can be established by 'showing the employer had a continuing need for [the employees'] skills and services in that their various duties were still being performed ... or by showing that others not in their protected class were treated more favorably.'" *Diaz, supra,* 521 F.3d at 1207-1208 (quotation marks and citation omitted).

FITCH has not alleged facts to show that she suffered an adverse employment action or that she was replaced with a similarly situated employee, as explained in Section C above, and she has not stated a claim for age discrimination. Further, she has not alleged facts to show that the DISTRICT's employment decisions were motivated by her age, or other circumstances that would give rise to an inference of age discrimination. FITCH's second and sixth claims should be dismissed.

E. **FITCH Has Not Stated a Claim for Retaliation Under Title VII, ADEA and FEHA**

A prima facie case of retaliation under Title VII consists of allegations that the plaintiff (1) engaged in a protected activity; (2) was subjected to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. *See Nilsson v. City of Mesa*, 503 F.3d 947, 953-954 (9th Cir. 2007).

The definition of an adverse employment action for the purposes of a Title VII retaliation claim is broader than that for a disparate treatment discrimination claim and includes action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Rwy. Co. v. White,* 548 U.S. 53, 60–63 (2006); *see also Ray v. Henderson,* 217 F.3d 1234, 1243 (9th Cir. 2000) (employment action is adverse in retaliation claim if it is "reasonably likely to deter employees from engaging in protected activity"). However, the Supreme Court has recognized that

trivial harms and "normally petty slights, minor annoyances, and simple lack of good manners" are not actions that are likely to deter victims of discrimination from complaining. *Burlington N.*, *supra*, 548 U.S. at 68. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work, and that all employees experience," which include "personality conflicts ... that generate antipathy," "snubbing by supervisors and co-workers," and "simple lack of good manners." *Id.*

Retaliation claims under FEHA are similar to Title VII claims but California employs a narrower standard for adverse employment actions, which requires that an act "must materially affect the terms, conditions, or privileges of employment to be actionable," comparable to a discrimination claim. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1052 (2005).

In order to state a retaliation claim, a plaintiff must show a causal connection between the alleged protected activity and the adverse action. *See Jordan v. Clark*, 847 F.2d 1368, 1375 (9th Cir. 1988) (Title VII case). "Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (Title VII case).

"The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001). See, e.g*., Richmond v. Oneok, Inc*., 120 F.3d 205, 209 (10th Cir. 1997) (3-month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-1175 (7th Cir. 1992) (4-month period insufficient); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-274 (2001) (20-month lapse in time shows no causality at all.).

As set forth above, FITCH has not alleged facts to show that she suffered from an adverse employment action. Even under the broader deterrence standard, FITCH has not alleged facts to show that the alleged adverse acts would deter a reasonable worker.

FITCH has also failed to allege facts to establish a causal connection between protected activity and the alleged retaliatory acts. FITCH includes allegations in her FAC that "[t]he retaliation is for

11

complaining of discrimination." This conclusory allegation offers no facts to show that the alleged retaliatory actions were taken in response to her protected activity. She has not stated when the alleged retaliatory acts occurred to show that they took place shortly after protected activity. She also failed to allege that a decision-maker was aware that she had engaged in protected activity. *See Raad v. Fairbanks N. Star Borough,* 323 F.3d 1185, 1197 (9th Cir.2003); *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982); *Gunther v. County of Washington,* 623 F.2d 1303, 1316 (9th Cir.1979). FITCH's third, fourth and seventh claims should be dismissed.

### F.     FITCH Has Not Stated a Claim for Harassment Under FEHA

FEHA prohibits an employer from harassing an employee based on multiple characteristics, such as gender or race. Cal. Govt. Code § 12940(j). Harassment may include "epithets, derogatory comments or slurs." *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 129 (1999).

Simply making personnel decisions is "an inherent and unavoidable part of the supervisory function," and cannot form the basis of a harassment claim. *Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 65 (1996). In *Janken,* the court "conclude[d], therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." *Id.* at 64-65. "If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Id.* at 80.

FITCH asserts she was "harassed" in violation of California Government Code section 12940(j) but fails to state the basis for the alleged harassment. She alleged only that she identifies as Black and that she was born in 1943, but she has not stated any other facts that show she was subjected to comments or slurs due to these characteristics. To the extent she contends that she was harassed when she received poor performance reviews, the DISTRICT refused to hire her for a permanent position, she was placed into the PAR Program or when she was not hired for three biology teacher positions, these are personnel decisions that cannot support a harassment claim.

12

DEFENDANT'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
U.S. District Court Case No.: 3:15-cv-02769-CRB

G. **FITCH Has Not Stated a Claim for Failure to Prevent Harassment & Discrimination Under FEHA**

To maintain a failure to prevent discrimination and harassment claim under FEHA, a plaintiff must first establish that the underlying discrimination and harassment actually occurred. *See Trujillo v. N. County Transit Dist.*, 63 Cal. App. 4th 280, 287-289 (1998). Because FITCH fails to state a claim for discrimination and harassment, as outlined above, her claim for failure to prevent discrimination and harassment should also fail.

## V. CONCLUSION

For the foregoing reasons, the DISTRICT respectfully requests that FITCH's FAC be dismissed accordingly.

Dated:  September 9, 2015                                BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


By:  */s/ Ethan Lowry*
     Eugene B. Elliot
     Ethan M. Lowry
     Attorneys for Defendant
     SAN FRANCISCO UNIFIED SCHOOL DISTRICT