RICHARD M. ROGERS, #045843
LAW OFFICE OF RICHARD M. ROGERS
100 Bush Street, #1980
San Francisco, CA 94104
Telephone: 415/981-9788
Facsimile: 415/981-9798
Email: RogersRMR@yahoo.com

Attorneys for Plaintiff
**SYLVIA FITCH**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA FITCH,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | **Case No.: C15-02769 SI**<br><br>Case filed:  06/19/15<br>Case reassigned: 08/24/15<br>Trial date:  TBA<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:  10/30/15<br>Time:  9:00am<br>Location: Courtroom 10, 19th Floor |

# I. **INTRODUCTION**

The controlling authority on most of the issues presented is *Sheppard v. David Evans and Assoc.* (9th Cir. 2012) 694 F.3d 1045, 1050, holding that a discrimination complaint is sufficient if it alleges the *prima facie* case. Defendant does not cite nor distinguish *Sheppard*. Plaintiff has sufficiently alleged her *prima facie* cases. The non-*Sheppard* issues should be decided in Plaintiff's favor.

### A. PLAINTIFF FITCH HAS PROPERLY ALLEGED SHE EXHAUSTED HER ADMINISTRATIVE REMEDIES

The focus of this argument is Paragraph 15 of the First Amended Complaint (Document #18 "FAC":[1]

> 15. Plaintiff has exhausted her administrative remedies. A copy of her second Charge of Discrimination is attached hereto as Exhibit 2 and fully incorporated herein by reference. Plaintiff has received right-to-sue letters from the federal and state agencies on both Charges.

Defendant argues that the allegation is insufficient because it does not specify the federal and state agencies, i.e., EEOC and DFEH. No authority is cited for this argument. Defendant suggests that the law requires attachment of the right-to-sue letters. No authority is cited for this suggestion.

It is inferable that the EEOC and DFEH are the agencies to which the allegation refers because of Exhibits 1 and 2 to the FAC and the language of Paragraphs 7 and 15.

### B. PLAINTIFF WAS NOT REQUIRED TO EXHAUST HER ADMINISTRATIVE REMEDIES FOR HER HARASSMENT CLAIM

The harassment claim is alleged as a common law public policy claim. Paragraph 23 asserts:

> 23. Defendant harassed Plaintiff in violation of public policies set forth in Cal. Gov. Code section 12900, et seq.

There is no assertion of a statutory harassment claim. A common law violation of public policy claim is viable under California law. *Rojo v. Kliger* (1990) 52 Cal.3d 65, 88.

---

[1] Paragraph 7 alleges filing the first Charge of Discrimination.

# C, D. FITCH HAS STATE CLAIMS FOR AGE AND RACE DISCRIMINATION UNDER TITLE VII AND FEHA

The *prima facie* case for discrimination is: (1) Plaintiff belongs to a protected class (FAC, ¶4); (2) She was performing her job satisfactorily (¶5); (3) She suffered an adverse employment action (¶s 6, 11, 12, 13), and (4) some other circumstance infers a discriminatory intent, e.g., she was treated less favorably than employees not in the protected class. (¶s 8, 9, 10, 11, 12, 13) *Zeinali v. Raytheon Co.* (9th Cir. 2011) 636 F.3d 544, 552. A hostile environment can be an adverse employment action. See, *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1052 (whether a course of conduct rises to the level of an adverse employment action depends on the circumstances and context).

Defendant argues that a detailed account setting forth all of the facts is required. *Sheppard, supra*, discussed the same argument and held:

> Although this standard requires that a claim be "plausible on its face," it does not require that a complaint contain "detailed factual allegations." (Citing *Ashcroft v. Iqbal* (2009) 556 US 662, 678) As the text of Rule 8(a)(2) itself makes clear, even a "short and plain" statement can state a claim for relief. 694 F.3d at 1048-1049.

*Sheppard*, at 1050, makes it clear that pleading the *prima facie* case is enough to present a plausible claim. In this case Ms. Fitch's race and age are sufficiently alleged. She alleges satisfactory jo performance and differential discipline. She alleges adverse employment actions. She alleges sufficient circumstances to state a plausible claim for race and age discrimination.

Defendant argues that Ms. Fitch has not alleged an adverse employment action, i.e., what she has alleged does not amount to an adverse employment action. The statutes make it unlawful to discriminate with respect to compensation, terms, conditions, and privileges of employment. 42 USC §2000e-2; Cal. Gov. Code §12940(a). Whether a particular action or course of conduct rises to the level of an adverse employment action must take into account the totality of circumstances of the employee and the context of the workplace. *Yanowitz v. L'Oreal USA, Inc., supra,* 36 Cal.4th at 1051-1055; *Harris v. Forklift Systems, Inc.* (1993) 510 U.S. 17, 21-23. While *Yanowitz* is a retaliation case, the Court held that the same standard applies to discrimination cases.

CASE NO. C15-02769 SI -- PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

2

FITCH/
/DM2DMISS5.OPP

The issue, then, is whether the course of conduct, as a whole, constitutes an adverse employment action. Plaintiff alleges that it caused her to suffer severe emotional distress in Paragraph 14. That is sufficient to allege that the course of conduct negatively impacted Plaintiff's employment. This is a fact intensive inquiry.

Ms. Fitch does assert in Exhibit 1 to the FAC that she has knowledge that "younger, similarly situated White Teachers without Health Science Credentials and/or California Technical Education Credentials were not treated in a similar manner." Defendant argues that this language and the following sentence must be strictly construed, drawing all possible inferences against Plaintiff, again without authority. (Memo., p. 9:12-21)

### E. FITCH HAS STATED A CLAIM FOR RETALIATION UNDER TITLE VII, ADEA, AND FEHA

A retaliation claim must allege (1) she engaged in protected activity (¶7), (2) an adverse employment action (¶s 11, 12, 13) and (3) nexus, or a causal link (¶s 11, 12, 13). *Nidds v. Schindler Elevator Corp.* (9th Cir. 1996) 113 F.3d 912, 919; *McGrory v. Applied Signal Technology, Inc.* (2013) 212 Cal.App.4th 1510, 1525.

The course of conduct alleged amounts to an adverse employment action, as argued *supra*. That being so, the course of conduct "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White* (2006) 548 US 53, 60-63. Being subjected to the PAR program, the required step to termination under the union contract, is a tremendous deterrent.

Plaintiff has alleged causation. (¶s 11-13) Defendant argues that Plaintiff must allege proximity in time and/or employer knowledge. This is a summary judgment argument. At the pleading stage a plaintiff does not have the email, memoranda, depositions, etc., to establish who had knowledge. Knowledge can be inferred: Exhibit 1 was filed on October 6, 2012, and the course of adverse conduct began thereafter. Defendant argues that temporal proximity is required between the protected activity and the adverse employment action. This is inaccurate. A long period between the two may support an inference of causation if, between the events, the employer engages in a pattern of conduct consistent with a retaliatory intent. *Green v. Laibco LLC* (2011)

192 Cal.App.4th 441, 456; *Wysinger v. Automobile Club of So. CA* (2007) 157 Cal.App.4th 413, 421. Plaintiff has alleged such a course of conduct.

### F. PLAINTIFF HAS STATED A CLAIM FOR HARASSMENT

Official employment actions can support a harassment claim if the actions communicate a hostile message to the employee. *Roby v. McKesson HBOC* (2009) 47 Cal.4th 686, 709-710. The discussion, in its entirety, is germane to an understanding of the holding (at 705-711). The issue is complex and fact driven. Its resolution will depend on Plaintiff's testimony and an evaluation of the level of type of hostility communicated to her.

### G. PLAINTIFF HAS STATED A CLAIM FOR FAILURE TO PREVENT

The parties agree. If Ms. Fitch has stated a claim for discrimination and/or retaliation, the claim for failure to present is viable. Discrimination includes retaliation. Cal. Gov. Code §§12940(h) and (k).

## II. CONCLUSION

For the reasons stated, the motion should be denied.

Dated: 9-22-15

Respectfully submitted,

LAW OFFICE OF RICHARD M. ROGERS

By: /s/ Richard M. Rogers
RICHARD M. ROGERS
Attorneys for Plaintiff