1

2

3

4                       UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    SYLVIA FITCH,                              Case No.  15-cv-02769-SI

              Plaintiff,
8
                                                **ORDER GRANTING IN PART AND**
9         v.                                    **DENYING IN PART MOTION TO**
                                                **DISMISS**
10   SAN FRANCISCO UNIFIED SCHOOL
     DISTRICT,                                  Re: Dkt. No. 20
11
              Defendant.
12

13        Defendant San Francisco Unified School District moves to dismiss plaintiff Sylvia Fitch's

14   complaint for failure to state a claim.  The motion is scheduled for a hearing on October 30, 2015.

15   Pursuant to Civil Local Rule 7-1(b), the Court determines this motion is appropriate for resolution

16   without oral argument and VACATES the hearing.  For the reasons set forth below, the Court

17   GRANTS defendant's motion to dismiss plaintiff's claims for harassment and failure to prevent

18   harassment, with leave to amend, and DENIES the balance of defendant's motion.  Plaintiff is

19   given leave to file a second amended complaint by November 6, 2015.  The case management

20   conference scheduled for October 30, 2015 at 2:30 p.m. remains on calendar.

21

22                                      **BACKGROUND**

23        The following allegations are taken from plaintiff's first amended complaint ("FAC"):

24   Plaintiff Sylvia Fitch is a Black woman, born in 1943.  Dkt. No. 18, FAC ¶ 4.  In November 2005,

25   defendant hired plaintiff as a teacher.  *Id.* ¶ 3.  At all times, plaintiff performed her job duties

26   "competently and professionally," and she consistently received good performance evaluations

27   until 2012.  *Id.* ¶ 5.

28        In early 2012, defendant removed plaintiff from her position at Burton High School,

*United States District Court*
*Northern District of California*

allegedly because of plaintiff's race and/or age.  *Id.* ¶ 6.  Defendant told plaintiff that she was removed because she lacked certain teaching credentials: a Health Science Credential and a California Technical Education Credential.  *Id.* ¶ 9; FAC Ex. 1.  Plaintiff alleges this reason is pretext for discrimination.  FAC ¶ 9.  Defendant replaced plaintiff with a younger, less experienced Caucasian teacher who lacked a California Technical Education Credential.  *Id.* ¶ 10; FAC Ex. 1.  Plaintiff also alleges that she was treated differently than younger, similarly-situated Caucasian teachers without Health Science Credentials and/or California Technical Education Credentials.  FAC Ex. 1.

On October 9, 2012, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH").  FAC ¶ 7; FAC Ex. 1.  This charge alleged discrimination on the basis of race and age.  FAC Ex. 1.

On October 17, 2012, defendant notified plaintiff that it was placing her in a teaching position at another school.  FAC ¶ 8.

On January 2, 2014, plaintiff filed a second Charge of Discrimination with the EEOC and DFEH.  FAC ¶ 15; FAC Ex. 2.  This charge alleged that, since filing her first EEOC and DFEH charge, defendant failed to hire plaintiff for three teaching positions for which she is qualified: (1) biology teacher at Lincoln High School; (2) biology teacher at Wallenberg High School; and (3) biology teacher at Lowell High School.  FAC Ex. 2.  The charge alleged that defendant discriminated against plaintiff because of her race and age, and retaliated against her for complaining about the discrimination.  *Id.*

Plaintiff alleges that since she complained of discrimination, she was and continues to be discriminated against and harassed by defendants because of her race and/or age, and in retaliation for complaining.  *Id.* ¶ 11.  Plaintiff alleges that the other harassing and retaliatory acts include "poor performance evaluations, refusal of a permanent position, excessive monitoring, subjection to [d]efendant's PAR Program, and extensions of that subjection."[1]  *Id.* ¶ 12.  Plaintiff also alleges

_____

[1] Plaintiff's opposition to the motion to dismiss describes the PAR Program as "the required step to termination under the union contract."  Dkt. No. 26 at 4.

1    that the refusal to assign her to a permanent position and her placement on an extended PAR

2    Program are discriminatory and adverse employment actions.  *Id.* ¶ 13.  As a result of defendant's

3    conduct, plaintiff has suffered and continues to suffer "severe emotional distress."  *Id.* ¶ 14.

4            Plaintiff alleges that she exhausted her administrative remedies by filing two charges with

5    the EEOC and DFEH and that she "received right-to-sue letters from the federal and state agencies

6    on both [c]harges."  *Id.* ¶ 15; FAC Ex. 1, 2.

7            Plaintiff filed her complaint on June 19, 2015.  Dkt. No. 1.  In response to defendant's

8    amended motion to dismiss (Dkt. No. 16), plaintiff filed her FAC.  Dkt. No. 18.  Plaintiff's FAC

9    asserts seven claims for discrimination based on race and age, and retaliation in violation of Title

10   VII of the Civil Rights Act, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act

11   ("ADEA"), 29 U.S.C. § 621 *et seq.*, and California's Fair Employment and Housing Act

12   ("FEHA"), California Government Code § 12900 *et seq.*  *Id.*  Plaintiff also alleges a claim for

13   harassment in violation of public policy set forth in FEHA and a claim for failure to prevent

14   discrimination and harassment under FEHA.  *Id.*

15           Now before the Court is defendant's motion to dismiss the FAC for failure to state a claim.

16

17                                      **LEGAL STANDARD**

18           Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

19   if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a

20   Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief

21   that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial

22   plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer

23   possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

24   The Court must assume that the plaintiff's allegations are true and must draw all reasonable

25   inferences in the plaintiff's favor.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).

26           Although factual allegations are generally accepted as true for the purposes of the motion,

27   the Court is not required to accept as true "allegations that are merely conclusory, unwarranted

28   deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049,

United States District Court
Northern District of California

1055 (9th Cir. 2008).  The Court, for example, need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

As a general rule, the Court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion.  *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).  However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings.  *Id.* at 688-89.  The Court may also consider "documents attached to the complaint [and] documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**I.      Exhaustion of Administrative Remedies (Counts One, Three, Five, Six, Seven, Nine)**

Defendant argues that plaintiff's claims under Title VII and FEHA should be dismissed for failure to exhaust her administrative remedies.  Before bringing suit in court for violations of Title VII, a plaintiff must exhaust administrative remedies by filing "a charge with the EEOC within 180 days of the alleged unlawful employment practice, or . . . if  . . . the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-5(e)(1).  If the EEOC does not bring suit, it must notify the person through a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1).  After receiving a right-to-sue letter, a

1    plaintiff has ninety days to file suit.  *Id.*

2         FEHA also has an exhaustion requirement.  Before bringing a claim for violations of

3    FEHA in court, a plaintiff must file a written charge of discrimination with the DFEH within one

4    year of the alleged violation and obtain a notice of the right to sue from the DFEH.  *Rodriguez v.*

5    *Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001); Cal. Gov't Code § 12960(d).   Upon

6    receiving a right to sue letter, a plaintiff has one year to file his or her FEHA claim in a judicial

7    forum.  Cal. Gov't Code § 12965(b).

8         Plaintiff alleges that she filed two charges of discrimination with "the federal and state

9    administrative agencies" and she attached both charges as exhibits to her FAC.  FAC ¶¶ 7, 15.

10   She also alleges that she "exhausted her administrative remedies" and "received right-to-sue letters

11   from the federal and state agencies on both Charges."  *Id.* ¶ 15.   The attached exhibits reveal

12   charges filed with both the EEOC and DFEH in October 2012 and January 2014.  FAC Ex. 1, 2.

13        Defendant argues that because plaintiff did not identify the specific agencies that issued the

14   right-to-sue letters, her pleading of administrative exhaustion is insufficient.  However, plaintiff

15   attached to the FAC the charges of discrimination that she filed with the EEOC and DFEH, and

16   she alleges that she received right-to-sue letters on both charges.  The Court reasonably infers that

17   plaintiff received right-to-sue letters from the same federal and state agencies with whom she filed

18   her charges.  *See Usher*, 828 F.2d at 561 (requiring courts to draw all reasonable inferences in the

19   plaintiff's favor on a motion to dismiss).

20        Defendant also argues that plaintiff failed to plead when she received right-to-sue letters to

21   demonstrate that her suit is timely.  Defendant has not cited any authority requiring a plaintiff to

22   plead the date on which she received a right-to-sue letter.  Courts have found sufficient complaints

23   alleging only that a plaintiff exhausted his or her remedies by timely filing charges of

24   discrimination with and receiving right-to-sue letters from the DFEH and EEOC.  *See, e.g.,*

25   *Peterson v. State of California Dep't of Corr. & Rehab.*, 451 F. Supp. 2d 1092, 1100, 1112 (E.D.

26   Cal. 2006).

27        The Court DENIES defendant's motion to dismiss plaintiff's FEHA and Title VII claims

28   for failure to adequately plead exhaustion of administrative remedies.

United States District Court
Northern District of California

5

## II.     Harassment Claim (Count Eight)

Plaintiff brings a claim for harassment in violation of the public policies set forth in FEHA (Count Eight).  *See* FAC ¶ 23.  Defendant argues that plaintiff failed to exhaust administrative remedies for her harassment claim.  Plaintiff argues that she does not have to exhaust any administrative remedies because she alleged a common law—not statutory—claim.  In response, defendant argues that no common law cause of action for harassment exists, and that public entities cannot be sued for common law claims under California Government Code § 815(a).

Plaintiff relies on *Rojo v. Kliger*, 52 Cal.3d 65 (1990), to support her claim for harassment in violation of public policy.  In *Rojo*, two female plaintiffs brought claims under FEHA and common law, alleging that sexual harassment forced them to leave their employment.  52 Cal.3d at 71.  The defendant argued that FEHA provided the only remedy for sex discrimination, requiring the plaintiffs to exhaust administrative remedies.  *Id.*  *Rojo* held that FEHA does not displace common law claims relating to employment discrimination, and that a plaintiff bringing common law and FEHA claims has to exhaust administrative remedies only for her statutory claims.  *Id.* at 82, 88.  *Rojo* also identified a public policy against sexual harassment embodied in FEHA and the California Constitution, thus allowing the plaintiffs to bring a tort claim for wrongful discharge based on sex discrimination without exhausting administrative remedies.  *Id.* at 90-91.  *Rojo* does not, however, identify a common law cause of action for harassment in violation of public policy.

Relying on *Rojo*, the California Court of Appeal held that there is no common law cause of action for sexual harassment.  *Medix Ambulance Serv., Inc. v. Superior Court,* 97 Cal. App. 4th 109, 118 (2002).  The *Medix* plaintiff alleged a statutory claim for sexual harassment under FEHA and a "common law" claim for sexual harassment in violation of public policy, as reflected in FEHA and the California Constitution.  *Id.*  The court rejected the plaintiff's contention that she could bring a common law claim for sexual harassment, and that she need not exhaust administrative remedies for that claim:

> True, the Legislature has declared a state policy against sexual harassment, and this policy is enshrined in the FEHA. *Rojo v. Kliger, supra*, 52 Cal.3d 65, 90-91, concluded that article I, section 8 of the California Constitution embodies a general public policy against sex discrimination, including sexual harassment, and that there is no requirement a plaintiff exhaust administrative remedies before bringing

an action for wrongful discharge based on sex discrimination.  But plaintiff cites no authority supporting a common law cause of action for sexual harassment.  Because the cause of action for sexual harassment is a creature of statute, plaintiff must comply with the exhaustion requirements. (*Rojo*, at p. 83.)

*Id.*; *see also Baird v. Office Depot*, No. 12-cv-6316, 2014 WL 2527114, at *8 (N.D. Cal. June 4, 2014) (Chen, J.) ("The Court finds no authority that supports a general common law claim for violation of FEHA's public policy.").

In addition, a public entity cannot be held liable for a common law cause of action under California law.  *See* Cal. Gov't Code § 815(a) ("Except as otherwise provided by statute: A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person").  Defendant, a school district, is a public entity under the California Government Code.  *See* Cal. Gov't Code § 811.2; *Wright v. Compton Unified Sch. Dist.*, 46 Cal. App. 3d 177, 181-82 (Cal. Ct. App. 1975).

The Court dismisses plaintiff's claim for harassment in violation of public policy.  The Court will grant plaintiff leave to amend to assert a statutory harassment claim under Title VII or FEHA if plaintiff wishes to do.  However, if plaintiff alleges a statutory harassment claim, she must allege facts showing that her harassment claim "is like or reasonably related to the charge[s]" filed with the EEOC and DFEH and "would 'reasonably have been uncovered in an investigation of the charges that were made.'"  *See Baird*, No. 12-cv-6316, 2014 WL 2527114, at *3 (citing *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1617 (Cal. Ct. App. 1995), and *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002)).  Plaintiff must also allege facts demonstrating that: "(1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment."  *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal.4th 121 (1999)).

### III.  Claims for Race- and Age-Based Discrimination Under Title VII, ADEA, and FEHA (Counts One, Two, Five, Six)

Defendant argues that plaintiff's claims for race- and aged-based discrimination must be dismissed for failure to plead a plausible *prima facie* case.  A plaintiff is not required to plead a

*prima facie* case of discrimination in order to survive a motion to dismiss.  *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012); *Achal v. Gate Gormet, Inc.*, No. 15-cv-1570, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015).  When a plaintiff does plead a plausible *prima facie* case of discrimination, the complaint sufficiently states a claim.  *Sheppard*, 694 F.3d at 1050 n.2.  When a plaintiff does not plead a *prima facie* case, courts still look to the elements of the *prima facie* case "to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Achal*, 2015 WL 4274990, at *7.

To establish a *prima facie* case for race-based discrimination under Title VII and FEHA, a plaintiff must plead that: "(1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) "similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination."  *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *see also Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA.").

Similarly, to establish a *prima facie* case for age-based discrimination under ADEA and FEHA, a plaintiff must allege that: (1) she was age forty or over; (2) she was qualified for the position or performed the job satisfactorily; (3) she suffered an adverse employment action; and (4) she was replaced by a substantially younger worker "with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination to permit an inference of age discrimination."  *Sheppard*, 694 F.3d at 1049 (ADEA case) (original emphasis); *see also Schechner v. KPIX-TV*, 686 F.3d 1018, 1023 (9th Cir. 2012) (FEHA case).

Defendant does not dispute that plaintiff sufficiently alleged the first two elements of the *prima facie* cases of race- and age-based discrimination.  Defendant does, however, argue that plaintiff did not sufficiently allege the third and fourth elements: that she suffered adverse employment actions and was treated differently from similarly situated individuals.  The Court disagrees.

United States District Court
Northern District of California

### A.       Adverse Employment Actions

Title VII, ADEA, and FEHA all define unlawful employment practices to include discrimination against an individual with respect to her compensation, terms, conditions, or privileges of employment.  *See* 42 U.S.C. § 2000e-2; 29 U.S.C. § 623(a)(1); Cal. Gov't Code § 12940(a).  An employment action is adverse if it materially affects the compensation, terms, conditions, or privileges of employment.  *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1126 (9th Cir. 2000).  The Ninth Circuit interprets this "broadly."  *Fonseca*, 374 F.3d at 847.  For instance, it has found that warning letters, transfers of job duties, and "undeserved performance ratings" are adverse employment actions.  *Id.* (citing *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)).  California state courts have interpreted adverse employment action to include "treatment that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion."  *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 373 (Cal. Ct. App. 2005).  Alleged discriminatory actions may be considered collectively, as well as individually.  *Id.* at 374.

Plaintiff alleges that she suffered several employment actions because of race and/or age discrimination: she was removed from her position at Burton High School, received poor performance evaluations, was refused a permanent position, subjected to excessive monitoring, subjected to an extended PAR program, and not hired for three positions for which she was qualified.  FAC ¶¶ 6, 12-13; FAC Ex. 2.  Considered collectively, it is plausible that these actions materially affected plaintiff's terms, conditions, and privileges of employment, and are reasonably likely to impair plaintiff's job performance and opportunity for advancement.  The Court finds that these allegations are sufficient at the pleadings stage.

### B.       Differential Treatment or Other Circumstances Giving Rise to Inference of Discrimination

For the fourth element of her *prima facie* case, plaintiff must allege that similarly situated individuals outside her protected class were treated more favorably, she was replaced by a substantially younger worker with equal or inferior qualifications, or other circumstances giving

rise to an inference of race and age discrimination.  *See Fonseca*, 374 F.3d at 847; *Sheppard*, 694 F.3d at 1049.  Plaintiff's FAC alleges that she was replaced by "a younger, less experienced Caucasian teacher who lacked credentials."  FAC ¶ 10.  Also, her first charge of discrimination alleges knowledge that "younger similarly situated White Teachers without Health Science and/or California Technical Education Credentials were not treated in a similar manner."  FAC Ex. 1. These allegations are sufficient to give rise to an inference of race and age discrimination.

The Court finds that plaintiff has alleged a plausible *prima facie* case of discrimination.

## IV.    Claims for Retaliation Under Title VII, ADEA, and FEHA (Counts Three, Four, Seven)

A *prima facie* case of retaliation requires a plaintiff to show that: (1) she undertook a protected activity; (2) her employer subjected her to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.  *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003).  Defendant does not dispute that plaintiff engaged in a protected activity.  However, defendant argues that plaintiff has not sufficiently alleged that she suffered an adverse action or the causal link between the protected activity and the causal link.

Under Title VII and ADEA, an adverse action for a retaliation claim is one that could "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Rwy. Co. v. White*, 548 U.S. 53, 68 (2006).  FEHA differs slightly, requiring the same standard as a discrimination claim: an adverse action "must materially affect the terms, conditions, or privileges of employment."  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1052 (Cal. 2005).  As explained in Section III(A), *supra*, plaintiff has plausibly alleged adverse actions.

To establish a causal connection between her protected activity and the adverse actions, plaintiff may allege direct evidence, or circumstantial evidence from which causation can be inferred, such as an employer's "pattern of antagonism following the protected conduct," *Porter v. Cal. Dep't Corr.*, 419 F.3d 885, 895 (9th Cir. 2005), or the temporal proximity of the protected activity and the occurrence of the adverse action.  *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840,

United States District Court
Northern District of California

850 (9th Cir. 2004); *Bell v. Clackamas Cnty.*, 341 F.3d 858, 865 (9th Cir. 2003); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).  When relying solely on temporal proximity, however, a "specified time period cannot be a mechanically applied criterion.  A rule that any period over a certain time is per se too long (or, conversely, a rule that any period under a certain time is per se short enough) would be unrealistically simplistic." *Porter*, 419 F.3d at 895 (citation omitted).

Plaintiff alleges that "[s]ince [p]laintiff complained of discrimination, she has been and continues to be discriminated against and harassed."  At the pleading stage, this alleged temporal proximity is sufficient to state a plausible causal link between her protected activity—filing charges of discrimination with the EEOC and DFEH—and the adverse actions.

The Court denies defendant's motion to dismiss the retaliation claims.

## V.      Claim for Failure to Prevent Discrimination & Harassment (Count Nine)

Plaintiff's final claim is for failure "to take all reasonable steps to prevent discrimination and harassment from occurring" under FEHA.  FAC ¶ 24.  To bring this cause of action, plaintiff must also plausibly allege discrimination and harassment claims. *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (Cal. Ct. App. 1998) ("Employers should not be held liable to employees for failure to take necessary steps to prevent such conduct, except where the actions took place and were not prevented.").  As discussed *supra*, the Court finds that plaintiff has stated a claim for discrimination, but not for harassment.  Thus, the Court dismisses the claim for failure to prevent harassment with leave to amend.  If plaintiff amends her complaint to assert a statutory harassment claim, she may reassert her claim for failure to prevent harassment.

United States District Court
Northern District of California

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted as to the harassment claim, and denied for all other claims.  Plaintiff is given leave to amend her harassment claim and must file a second amended complaint by **November 6, 2015**.

**IT IS SO ORDERED**.

Dated: October 29, 2015

_____
SUSAN ILLSTON
United States District Judge