UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYLVIA FITCH,

        Plaintiff,

    v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT,

        Defendant.

Case No.   15-cv-02769-SI

**ORDER HOLDING ABDUL LATIF IN CIVIL CONTEMPT AND ORDERING MR. LATIF TO APPEAR FOR DEPOSITION ON JUNE 29, 2016 AT 10 AM IN COURTROOM 1**

On June 9, 2016, the Court held a hearing on plaintiff's motion for an order to show cause why non-party Abdul Latif should not be held in contempt for his failure to obey two subpoenas to appear for deposition. Mr. Latif is an employee of defendant San Francisco Unified School District. Counsel for plaintiff and defendant attended the hearing. Counsel for defendant stated that defendant had personally served Mr. Latif with the Court's orders setting the June 9, 2016 hearing. Mr. Latif did not appear at the hearing, nor has Mr. Latif contacted the Court to provide any explanation for his failure to appear for deposition.

According to plaintiff's motion and supporting declaration, Mr. Latif failed to appear for deposition on April 18, 2016, despite having been personally served with a subpoena on March 9, 2016, and after having avoided nine attempts for service at his place of employment in February, 2016. The parties agreed that defendant would serve a new subpoena setting Mr. Latif's deposition for May 18, 2016. Defense counsel confirmed on May 16, 2016, that Mr. Latif had been served. Mr. Latif again failed to appear for deposition on May 18, 2016.

Subpoenas issued by attorneys are issued on behalf of the court and are treated as court orders. *See United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010).

United States District Court
Northern District of California

1    Federal Rule of Civil Procedure 45(g) allows a court to "hold in contempt a person who, having

2    been served, fails without adequate excuse to obey the subpoena or an order related to it."  "A civil

3    contempt order must be accompanied by a 'purge' condition allowing the contemnor an

4    opportunity to comply with the order before payment of a fine or other sanction becomes due."

5    *Martínez v. City of Pittsburg*, No. C11–01017 SBA(LB), 2012 WL 699462, at *3 (N.D. Cal. Mar.

6    1, 2012).

7           To establish civil contempt, plaintiff must show by clear and convincing evidence that Mr.

8    Latif violated a specific order of the court (here, the two subpoenas).  The Court finds that plaintiff

9    has made that showing.  Mr. Latif has not provided any explanation for his failure to appear for his

10   deposition.  In response to the Court's question, counsel for defendant stated he was unaware of

11   any explanation for Mr. Latif's failure to appear for deposition.

12          Accordingly, upon this record the Court finds that Mr. Latif is in contempt of court.  **Mr.**

13   **Latif is hereby ORDERED to appear for his deposition on June 29, 2016 at 10:00 a.m. at**

14   **Courtroom 1 on the 17th floor, 450 Golden Gate Ave., San Francisco.  If Mr. Latif appears**

15   **for his deposition, he will "purge" this finding of civil contempt.  If Mr. Latif fails to appear**

16   **for his deposition, the Court will hold a hearing on June 29, 2016 at 11:00 a.m. to determine**

17   **what sanctions, including an order into custody and/or monetary sanctions, are warranted.**

18   **The Court informs Mr. Latif that disobedience of a court order is a serious matter and that**

19   **further contumacious conduct will have significant consequences.**

20

21          **IT IS SO ORDERED**.

22

23   Dated: June 9, 2016

24   _____

25   SUSAN ILLSTON
     United States District Judge

26

27

28

2